**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                No. 95-5167

ANTWAN BEAFORE, a/k/a Doc,
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.
                                                                No. 95-5294

PERCY LEE MOORE, a/k/a Face, a/k/a
Larry Curry,
Defendant-Appellant.

Appeals from the United States District Court
for the Northern District of West Virginia, at Clarksburg.
Irene M. Keeley, District Judge.
(CR-94-10084)

Submitted: December 14, 1995

Decided: January 5, 1996

Before ERVIN, Chief Judge, and WIDENER and WILKINS,
Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Thomas W. Kupec, MICHAEL & KUPEC, Clarksburg, West Virginia; Thomas G. Dyer, WATERS, WARNER & HARRIS, Clarksburg, West Virginia, for Appellants. William D. Wilmoth, United States Attorney, Sam G. Nazzaro, Assistant United States Attorney, Wheeling, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Antwan Beafore pled guilty to conspiracy to distribute cocaine base (crack) and possess cocaine base with intent to distribute, 21 U.S.C.A. § 846 (West Supp. 1995), and also pled guilty to being a felon in possession of a firearm, 18 U.S.C.A. § 924(c) (West Supp. 1995). He was sentenced to 100 months imprisonment. Percy Lee Moore pled guilty to possession of 15.4 grams of cocaine base (crack) with intent to distribute, 21 U.S.C.A. § 841 (West 1981 & Supp. 1995). Both Beafore and Moore challenge the district court's refusal to find § 841 unconstitutionally ambiguous and to apply the rule of lenity by sentencing them under the lower penalties for cocaine offenses rather than the penalties for offenses involving cocaine base. Finding no error, we affirm the sentences.

In the district court, Beafore and Moore proffered a transcript of the expert testimony presented in United States v. Davis, 864 F. Supp. 1303 (N.D. Ga. 1994). They asked to court to follow Davis by finding that cocaine and cocaine base are synonymous terms referring to the same substance and to find that § 841(b) is ambiguous because it provides lower penalties for offenses involving cocaine than for offenses involving cocaine base. Moore also argued that the heightened penalties for cocaine base violate the Equal Protection Clause. Relying on

2

prior Fourth Circuit precedent, the district court found that the statute was not ambiguous or otherwise unconstitutional.

Since Moore and Beafore were sentenced, we have considered and rejected the holding in Davis and reaffirmed prior decisions of this court rejecting equal protection challenges to § 841(b). See United States v. Fisher, 58 F.3d 96, 99 (4th Cir.), cert. denied, ___ U.S. ___, 64 U.S.L.W. 3270 (U.S. Oct. 10, 1995) (No. 95-5923). Moore and Beafore contend in their reply brief that Fisher does not address their argument that § 841(b) is logically inconsistent because cocaine (penalized in clause (ii) of § 841(b)(1)(B)) contains pure cocaine or cocaine base (penalized in clause (iii) of the statute). We find that Fisher does address and resolve this issue, finding that "a common sense reading of [the statute] eliminates the ambiguity" claimed to exist. Id.

The sentence imposed by the district court is therefore affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3